**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHARON KAYE COX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-0461-F |
| ) | |
| THE KEMPTON COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants' Motion to Dismiss, filed October 30, 2007, is before the court. (Doc. no. 10.) Plaintiff has twice requested and received an extension of time to respond to the motion. The last extension required any response to be filed on or before January 3, 2008. Plaintiff, however, has not filed a response, nor has she sought an additional extension of time within which to file a response. Accordingly, with the time for filing any response past, the motion is ready for disposition with no objection having been filed.[1]

This action is brought under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and the Family Medical Leave Act (FMLA). It also alleges violation of state law. Defendants' motion seeks dismissal of all claims under Rule 12(b)(6), Fed. R. Civ. P.

Until recently, dismissal under Rule 12(b)(6) was appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

---

[1] Although not the basis upon which the court makes its ruling, the court deems the motion confessed under LCvR7.1(g).

In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), however, the Supreme Court prescribed a new inquiry to use in reviewing a dismissal; that inquiry is whether the claim contains enough facts to state a claim to relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, ___ F.3d ___, 2007 WL 1969681 at * 3 (10th Cir., 2007), quoting Bell Atlantic Corp., 127 S.Ct. at 1974. In order to survive a motion to dismiss, a plaintiff must nudge his claim across the line from conceivable to plausible. Ridge at Red Hawk, L.L.C., 2007 WL 1969681 at *3, quoting Bell Atlantic Corp., 127 S.Ct. at 1974. The court, in conducting its review, still assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Ridge at Red Hawk, L.L.C., 2007 WL 1969681 at *3.

Defendants argue the complaint fails to state a claim for which relief can be granted, because the allegations and documents attached to the complaint establish that plaintiff's claims are time-barred. After review, the court concurs with defendants and concludes that, for the reasons set forth in defendants' moving brief, the allegations indicate that with one possible exception, plaintiffs' claims, both state and federal, are time-barred as a matter of law based on the variously applicable statutes of limitations. The possible exception is any claim for workers' compensation retaliation under 85 O.S. Supp. 2006 §5.[2] In that regard, the court also agrees with defendants that while the complaint references that statute, plaintiff does not allege that she filed or participated in any workers' compensation proceedings prior to being terminated from her employment. Therefore, as it now stands, the complaint fails to state a claim for workers' compensation retaliation and any such claim should be dismissed along with plaintiffs' other claims, under Rule 12(b)(6).

---

[2] A claim brought under 85 O.S. Supp. 2006 § 5, may be subject to a three-year statute of limitations.

After careful consideration, the motion to dismiss is **GRANTED**. Any motion for leave to amend to allege facts to overcome the deficiencies identified in this order must be filed by January 23, 2008. If no amendment is sought or ultimately allowed, judgment will then be entered in favor of the defendants and against the plaintiff, for the reasons stated in this order.

Dated this 8th day of January, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0461p005(pub).wpd